UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA LYNN CLARK,<br><br>Plaintiff,<br>v.<br><br>CHEHALIS POLICE DEPARTMENT et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05727-DGE<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), submitted a second amended complaint on July 12, 2026, against the Chehalis Police Department (specifically Officer Brady Hinds and Chief of Police Matthew McKnight), the Centralia Police Department, Judge Paul Strophy of the Lewis County Superior Court, and Jesus Name Pentecostal Church (collectively, "Defendants"). (Dkt. No. 7.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff's second amended complaint—which totals 50 pages, inclusive of exhibits—names a Lewis County Superior Court Judge, Jesus Name Pentecostal Church, the Centralia Police Department, the Lewis County Sheriff's Department, the chief of the Chehalis Police Department, and a Chehalis Police Department law enforcement officer as defendants. (Dkt. No. 7 at 5.) The complaint provides a long narrative about events that appear to involve an alleged criminal prosecution, a domestic violence protection order, and other events related to a family law matter. (*Id*. at 5–6.) It then proceeds to a confusing discussion of investigations and surveillance possibly related to the FBI's "Arctic Frost" investigation or other "political retaliation or targeting." (*Id.* at 6–8.) To put it mildly, the second amended complaint fails to identify in any discernible manner the claims asserted against each individual defendant and the factual basis supporting each claim.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give

defendants "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted); *see also Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.3d 646, 649 (9th Cir. 1984) (citation and alterations omitted) (a complaint must "'give fair notice and state the elements of the claim plainly and succinctly'"). "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dyanics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted).

Plaintiff's amended complaint fails to meet the pleading requirements under Rule 8. The narrative is convoluted, difficult to follow, and does not clearly identify which Defendant acted against Plaintiff, what specific actions each Defendant took, when each Defendant took such action, where such action was taken, and how such action violated the law or Plaintiff's constitutional rights. (*E.g.*, Dkt. No. 7 at 19) (alleging retaliation by unidentified actors for "exercising my free speech, on the basis of religion (or lack thereof), and have had my civil rights violated in the most dehumanizing manner"). The Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff's complaint could be dismissed on this basis alone.

Further, to the extent Plaintiff is attempting to relitigate state court judgments, those claims are subject to the *Rooker-Feldman* doctrine and are barred. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983);

*Rooker v. Fid. Trust Co*., 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The jurisdictional bar posed by *Rooker-Feldman* applies even if the complaint raises federal constitutional issues. *Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

It is unclear from the face of the complaint whether the state court proceedings Plaintiff complains of are indeed final. (*E.g.*, Dkt. No. 7 at 5) (Plaintiff referring to Lewis County Superior Court Judge Paul Strophy "ordering" an eviction, "presiding over [the] family law case," "issu[ing] the DV order," requiring her to pay for "supervised visitation," giving "full sole custody to the father," and subject[ing] [her] to mental health treatments repeatedly"). However, to the extent any of her federal claims arise out of a final adjudication in state court, such a claim is barred by *Rooker-Feldman* because it would require this Court to "intimate that the state court wrongfully decided" the issues before it. *Blickenstaff v. Westhoff*, Case No. 4:24-CV-00501 SPM, 2024 WL 1716503, at *3 (E.D. Mo. Apr. 22, 2024).

Finally, to the extent Plaintiff seeks to assert claims against Lewis County Superior Court Judge Paul Strophy based on prior rulings in state criminal or civil litigation, these claims are barred by judicial immunity. Judicial immunity extends to all acts "normally performed by a

judge" where the "expectation[] of the parties" is that they are "deal[ing] with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Put another way, whether an act by a judge is a "judicial" one "relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citation and internal quotation marks omitted). "Because the relevant inquiry is focused on the nature or function of the act rather than the act itself, a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Scannell v. Wash. State Bar Ass'n*, Case No. CV 12-00683 SJO, 2013 WL 12423273, at *3 (W.D. Wash. Feb. 26, 2013) (quoting *Mireles*, 502 U.S. at 13). Judicial immunity ends only where a judge has acted in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). The Ninth Circuit has held judicial immunity extends beyond monetary damages to "declaratory, injunctive, and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds*; *see also Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of U.S.*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021).

Plaintiff specifies she is suing "Judge Paul Strophy in his official [capacity] as a judge." (Dkt. No. 7 at 2.) She vaguely alludes to Judge Strophy's involvement in child custody and eviction proceedings, mental health screenings, and civil protection orders (*id.* at 5)—all of which fall within the broad umbrella of "function[s] normally performed by a judge[.]" *Mireles*, 502 U.S. at 12 (citation and internal quotation marks omitted). While it is *possible* Plaintiff could overcome judicial immunity by pleading facts that show a "clear absence of all jurisdiction[,]" *Stump*, 435 U.S. at 357 (citation omitted), she has not done so here. Accordingly, to the extent any of Plaintiff's claims against Judge Strophy could overcome the Rule 8(a)

hurdle, they are separately barred by judicial immunity.

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is skeptical Plaintiff will be able to remedy the deficiencies identified in this order. Notwithstanding, because this is Plaintiff's first complaint, the Court cannot determine with certainty whether any potential amendment may be futile without first reviewing the proposed amendment. The Court will therefore allow Plaintiff to amend her complaint.

Plaintiff SHALL file her amended complaint on or before **August 27, 2026**. Any amended complaint must address **all** the deficiencies identified in this order. Failure to do so may result in the dismissal of this action without prejudice.

The Clerk is directed to calendar this event.

Dated this 28th day of July 2026.

David G. Estudillo
United States District Judge