UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMANTHA LYNN CLARK,

Plaintiff,

v.

CHEHALIS POLICE DEPARTMENT et al.,

Defendant.

CASE NO. 3:26-cv-05727-DGE

MINUTE ORDER

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

The Court is in receipt of what appears to be Plaintiff's operative amended complaint. (Dkt. Nos. 23, 23-1.) And although it is not a model of clarity, the Court will proceed cautiously and allow summons to be issued so that Defendants may appear. The Clerk, therefore, is directed to issue summons.

In addition, before the Court is Plaintiff's motion for service by the United States Marshals. (Dkt. No. 14.) Under Federal Rule of Civil Procedure 4(c)(3), the Court may order

service by a deputy United States Marshal if the plaintiff is authorized to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. The Court (Leupold, J.) previously granted Plaintiff's IFP application, finding that she was unable to afford the filing fee, pursuant to 28 U.S.C. § 1915(a)(1). (Dkt. No. 3.) The Court, therefore ORDERS the United States Marshal or Deputy Marshal to serve a copy of the summons and complaint (*see* Dkt. Nos. 18, 23, 23-1), copies of which are attached to this order, to Defendants City of Chehalis, City of Centralia, Officer Brady Hinds, Chief of Police Matthew McKnight, and Sergeant Dan Dozios.

However, the Court separately notes that Plaintiff's operative complaint does not bring claims against Jesus Name Pentecostal Church ("Jesus Name"). (*See generally* Dkt. No. 23.) Nonetheless, Plaintiff filed a praecipe to issue summons to Jesus Name. (*See* Dkt. No. 19.) Therefore, to the extent Plaintiff also moves to direct service of Jesus Name by the United States Marshals, such a request is DENIED.

Plaintiff has also filed a variety of unnecessary motions on the docket that are ruled on as follows:

- Plaintiff's "Emergency Motion for Extension of Time to File Amended Complaint" (Dkt. No. 10) is DENIED as moot because Plaintiff has filed an amended complaint within the timeframe set by the Court in Dkt. No. 9.
- Plaintiff's "Motion to Withdraw, Seal, or Strike" her second amended complaint (Dkt. No. 11) is DENIED because the Court dismissed this complaint in its order at Dkt. No. 9.
- Plaintiff's "Motion for Leave to Amend" her second amended complaint (Dkt. No. 12) is DENIED as moot because Plaintiff has already filed an amended complaint.
- Plaintiff's "Proposed Motion to Seal Exhibits" (Dkt. No. 17) is DENIED without prejudice because the motion does not comply with Local Civil Rule 5(g)(3)(B), which

requires "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." Though Plaintiff identifies various reasons for sealing the attached documents that appear to apply universally (Dkt. No. 17 at 2), she does not identify with particularity the basis for her request to seal each of the 50 exhibits she argues contain confidential information. Plaintiff has not sufficiently identified a basis for sealing all 200+ pages of documents contained at Dkt. No. 17 to overcome the "strong presumption in favor of access." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

- Plaintiff's "Omnibus Motion to Strike, Seal, and Remove from Record" all documents filed before August 20, 2026, is DENIED as moot because the Court has already denied several of these motions in this minute order. Plaintiff represents that all filings prior to August 20 "were filed in a draft form, prematurely[.]" (*Id.* at 1.) The Court reminds Plaintiff that she should not file documents on the record until such documents are in final form and are ready for the Court's consideration.
- Plaintiff's "Motion to Appoint Counsel" (Dkt. No. 25) is DENIED without prejudice. There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may exercise discretion and request an attorney to represent "any person unable to afford counsel." Such discretion should only be exercised under "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining

whether exceptional circumstances exist, a court must consider: (1) a plaintiff's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Neither of these considerations is dispositive and instead must be viewed together. *Palmer*, 560 F.3d at 970. Here, the Court cannot ascertain the strengths of Plaintiff's claims because this case is in its early stages and Defendants have not yet made an appearance. Further, in her third amended complaint (Dkt. No. 23), Plaintiff appears capable of articulating her claims for relief, especially in light of the fact that the Court previously dismissed her complaint for violation of Federal Rule of Civil Procedure 8. (*See* Dkt. No. 9.) Because Plaintiff has failed to establish exceptional circumstances that support the appointment of counsel, her motion to appoint counsel is DENIED.

Dated this 25th day of August 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.